## CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed April 8, 1922.

See—142 Md. 413.

WILLIAM H. MEDFORD
VS.
THE COLUMBIAN CONSTRUCTION COMPANY.

*Charles McC. Mathias* and *W. H. Hudgins* for plaintiff.

*Walter C. Mylander* for exceptant.

*J. M. Mullin* for George M. Frock et al.

*Victor Wilson* for defendant.

BOND, J.—

Any distribution of the remnant of assets in this receivership must be attended with most unfortunate consequences, not only to the claimants but to the court as well, upon whose orders the work of completing the houses has been carried out. The case illustrates sharply the danger in a court's departing from its appropriate judicial function to carry on the business of a private corporation.

The question to be decided now is whether the fund shall first be applied to payment of the one unpaid contractor, or shall be shared by him, prorata, with claims, by way of subrogation, of endorsers on notes of the receiver and a guarantor who has paid a bill for material. The court authorized the receiver to borrow money to complete the work, and it having been found that the money could not be borrowed on the responsibility of the receivership assets alone, Mr. Coblentz voluntarily endorsed notes issued by the receiver. And, in the same way, a bill for lumber which could not be obtained on the responsibility of the receivership assets alone, was guaranteed, and later paid, by Mr. Coblentz. The receiver was not authorized to secure endorsements. I am afraid that the assurance of financial success in the prices of houses then prevailing, made the parties who promoted this receivership careless of some necessary rules and limitations. There seems to me to be a serious question whether Mr. Coblentz, in thus adding his guarantee to the obligations which the court ordered its receiver to incur, was anything more than a purely voluntary guarantor, not entitled to equitable subrogation for payments made. Winder vs. Diffenderffer, 2 Bland, 166, 199. This point was not argued by counsel and I do not rest the decision on it. It could not affect the loan not yet paid off by Mr. Coblentz.

After reviewing all the testimony, I conclude that the continuation of the work was so far an enterprise of Mr. Coblentz that his claims for receivership expenses paid should, for reasons stated more fully in the earlier opinion, be deferred to the claim of the plumbers, Frock Brothers, and that the

latter should be paid in full. It is not a case which can be so decided without hesitation, and I should be glad if the opinion of the Court of Appeals could be had on it.

I do not think another petition is necessary to present this question. As I see it, the court is called upon to allow or disallow, or to rank, claims of the receiver for receivership expenses. An order directing the auditor to follow out the conclusions expressed in this opinion and in the opinion upon the allowance of the receiver's commissions, together with the testimony taken on the two questions, would leave the record in proper shape, I think.